UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

CART SOURCE LLC,

    Plaintiff,

v.

THE HOME DEPOT, INC.,

    Defendant.

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Plaintiff, CART SOURCE LLC ("Cart Source" or "Plaintiff"), a Florida limited liability company, by and through the undersigned, hereby files this Complaint for Patent Infringement against Defendant, THE HOME DEPOT, INC. ("Defendant"), a Delaware Corporation, and, in doing so, states as follows:

**JURISDICTION, VENUE, AND THE PARTIES**

1. This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*

2. This Court has original jurisdiction pursuant to Title 28, United States Code, Sections 1331 and 1338, as this case involves patent infringement and federal questions arising under the Constitution, laws, or treaties of the United States.

3. Cart Source is a Florida limited liability company with a principal place of business in Jacksonville, Florida.

4. Defendant is a Delaware corporation with regular and established places of business in this District, including in Jacksonville, Florida.

5. This action arises as a result of Defendant's infringing conduct, including without limitation acts of infringement that Defendant has committed in this District.

6. This Court has personal jurisdiction over the Defendant because:

    a. the Defendant operates, conducts, engages in, or carries on a business or business venture in this State;

    b. the Defendant has an office or agency in this State;

    c. the Defendant has committed a tortious act within this state, namely, the infringement that is the subject of this Complaint; and/or

  d. the Defendant is engaged in substantial and not isolated activity within this State.

 7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant "resides" in this judicial district, as the term "reside" is interpreted under Chapter 87 of the United States Code, and because a substantial part of the events giving rise to the infringement claims at issue occurred within this judicial district.

 8. Venue is also appropriate in this District pursuant to 28 U.S.C. § 1400(b), which provides, in part, that "[a]ny civil action for patent infringement may be brought in the judicial district where . . . the defendant has committed acts of infringement and has a regular and established place of business."

## GENERAL ALLEGATIONS

## CART SOURCE AND ITS INNOVATIVE PRODUCT

 9. Cart Source has been researching and developing cutting edge technology in the field of shopping carts, equipment, and baskets, and has become a trusted partner to retail stores, big box chains, distribution centers, and warehouses across North America.

10. Cart Source has constantly researched the market to address issues it perceived as going unchecked or that had subpar solutions. Relevant to this action, Cart Source set out to eliminate what it identified as one of the most important issues during the design and development of their innovative shopping carts: the problem of a shopping cart being tipped backwards.

11. To address this problem, Cart Source invented its Caster Anti-Tilt Device.

12. In recognition of this innovative device, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 11,673,427 ("the '427 Patent") to Cart Source on June 13, 2023.

## CART SOURCE'S INTELLECTUAL PROPERTY

13. Cart Source is the owner of the '427 Patent.

14. As such, Cart Source has the exclusive right to, *inter alia*, collect revenues and profits derived from the '427 Patent, to exclude others from making, using, offering for sale, selling, or importing into the United States any goods that practice the '427 Patent, as well as controlling all aspects of licensing the aforementioned rights.

## DEFENDANT'S INFRINGEMENT OF THE '427 PATENT

15. Defendant is a national home improvement retail store that utilizes a variety of retail shopping equipment and fixtures to provide its customers, including shopping carts with caster anti-tilt devices installed thereon.

16. Defendant is using devices on shopping carts available at its Jacksonville, Florida location that infringe Cart Source's patent for the Caster Anti-Tilt Device.

17. Cart Source has never licensed its patented Caster Anti-Tilt Device to Defendant.

18. On October 15, 2025, Cart Source placed Defendant on written notice that the caster anti-tilt devices installed on its shopping carts in at least Jacksonville, Florida infringed the '427 Patent ("Accused Device"). Cart Source demanded that Defendant cease all use of the Accused Product on all of its shopping carts in not only Jacksonville, Florida, but across the United States. *See Exhibit 1*, Cease and Desist Letter.

19. Plaintiff never received a response to its Cease and Desist Letter from Defendant.

## **THE '427 PATENT**

20. On June 13, 2023, the USPTO issued the '427 Patent, entitled *Caster Anti-tilt Device*. A true and correct copy of the '427 Patent is attached hereto as *Exhibit 2* and incorporated by reference.

21. The '427 Patent describes a caster anti-tilt device whereby the anti-tilt device is installed onto each of the shopping cart's rear casters by using the bolt that attaches the wheel to the caster. Once installed, the device extends backwards at a slight downward angle away from the installation point, eventually leveling off to run substantially parallel with the ground. The device then partially encloses around the backside of the rear wheel by wrapping around the backside of the wheel while leaving enough space for the wheel to roll without interference. *See Exhibit 2*, 5:5–6:39.

22. The '427 Patent includes one independent claim—Claim 1—which recites:

> 1. An anti-tilt device for a caster comprising a wheel, rotatably mounted in a frame, for rotation about a rotation axis, said anti-tilt device, comprising:
>     first and second face plates;
>     first and second flanges extending from opposing edges of
>         said first face plate, each of the first and second flanges
>         of the first face plate wrapping beside the first face plate
>         for engagement with the frame;

6

> first and second flanges extending from opposing edges of said second face plate, each of the first and second flanges of the second face plate wrapping beside the second face plate for engagement with the frame;
>
> wherein the first and second flanges of the first face plate and the first and second flanges of the second face plate prevent rotation of the first and second face plates with respect to the caster frame;
>
> first and second legs extending from the first and second face plates, respectively;
>
> a bar, extending between the first and second legs across a tread face of said caster wheel when mounted to said frame, at a defined angle of the tread face, as measured from a vertical axis extending through said rotation axis, when said caster is level;
>
> wherein each of said first and second legs includes a defined bend to place said bar at said defined angle.

23. Defendant has willfully infringed at least Claim 1 of the '427 Patent in an effort to unlawfully and unfairly benefit from Cart Source's intellectual property.

24. On October 16, 2025, Cart Source served a Cease and Desist Letter on Defendant, outlining the infringement.

25. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 by marking its Caster Anti-Tilt Device, by adequately notifying the Defendant of the infringement prior to the filing of this action, and/or by virtue of the filing of this action.

26. Despite the foregoing, Defendant has failed to cease use of the Accused Device.

27. As such, Cart Source has been required to retain the undersigned counsel to pursue its interest in this matter, and is obligated to pay the undersigned counsel and law firm a reasonable attorney's fee for their services, and for any costs incurred in connection with said representation.

28. All conditions precedent have been met, waived, and/or satisfied to bring this lawsuit.

## COUNT ONE
## INFRINGEMENT OF THE '427 PATENT

29. Cart Source re-alleges and re-asserts Paragraphs 1 through 28 as if fully set forth herein.

30. Defendant has used and/or imported caster anti-tilt devices, including the Accused Device, that practice at least Claim 1 of the '427 Patent. Such unlawful conduct continues as of the filing of this Complaint.

31. Specifically, the Accused Device meets all limitations of at least Claim 1 of the '427 Patent.

32. As more particularly set forth above, Claim 1 of the '427 Patent recites a "caster anti-tilt device" comprising "a wheel, rotatably mounted in a frame, for rotation about a rotation axis . . ."



33. Continuing, the anti-tilt device "compris[es] first and second face plates . . ." as depicted below:



34. Likewise, the anti-tilt device is comprised of "first and second flanges extending from opposing edges of said first face plate;" To this end, the Accused Device includes the required flanges extending from opposing edges of said first face plate.



35. Claim 1 of the '427 Patent further requires "each of the first and second flanges of the second face plate wrapping beside the second face plate for engagement with the frame . . ."

 

36. Moreover, the Accused Device contains the required "first and second flanges extending from opposing edges of said second face plate, each of the first and second flanges of the second face plate wrapping beside the second face plate for engagement with the frame;"

 

37. The Accused Device further meets the claim language "wherein the first and second flanges of the first face plate and the first and second flanges of the second face plate prevent rotation of the first and second face plates with respect to the caster frame;".



38. Claim 1 additionally requires "first and second legs extending from the first and second face plate, respectively;" as depicted below.



39. Continuing, the Accused Device includes "a bar, extending between the first and second legs across a tread face of said caster wheel when mounted to said frame . . ."



40. Claim 1 further requires that the Accused Device is mounted "at a defined angle of the tread face, as measured from a vertical axis extending through said rotation axis, when said caster is level;" as depicted below:

 

FIG. 1A

41. Finally, the Accused Device requires that "each of said first and second legs includes a defined bend to place said bar at said defined angle." All of the foregoing elements are contained in the Accused Device used and/or imported by Defendant, as shown below and otherwise herein.



42. By using and/or importing into the United States the Accused Device, Defendant has infringed, and continues to infringe, at least Claim 1 of the '427 Patent literally, *and at an absolute minimum*, under the doctrine of equivalents.

43. Defendant has knowledge of the '427 Patent at least by virtue of Cart Source's Cease and Desist demand dated October 16, 2025.

44. Despite Defendant's knowledge of the '427 Patent and its infringing activities, Defendant has infringed, and continues to infringe the '427 Patent by using and/or importing a caster anti-tilt device that practices at least Claim 1 of the '427 Patent.

45. Defendant's willful and intentional infringement is without regard for Cart Source's patent rights and constitutes egregious conduct sufficient to establish willful infringement under 35 U.S.C § 284.

46. The ongoing and continuous infringement by Defendant entitles Cart Source to an injunction pursuant to 35 U.S.C. § 283, permanently enjoining Defendant and others within the scope of Fed.R.Civ.P. 65 from further infringement of Cart Source's patent rights.

47. Cart Source has suffered, and continues to suffer, damages due to Defendant's infringement of the '427 Patent, and Cart Source is thus entitled to

compensation and other monetary relief to the extent allowed by law, including pursuant to 35 U.S.C. § 284.

48. Cart Source has been irreparably harmed by the Defendant's infringement of the '427 Patent, and will continue to be irreparably harmed.

49. Cart Source has no adequate remedy at law.

WHEREFORE, Cart Source requests the relief sought in the Prayer for Relief, below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Cart Source respectfully requests this Court to enter judgment in its favor and against Defendant, The Home Depot, Inc., on all claims set forth *supra*, and respectfully requests this Court to:

(a) Adjudge that Defendant has infringed, and continues to infringe, at least one claim of the '427 Patent in violation of at least one of 35 U.S.C. § 271(a), literally, *and at an absolute minimum*, under the doctrine of equivalents;

(b) Award Cart Source all available and legally permissible damages and relief (including without limitation damages, lost profits, and/or a reasonably royalty) sufficient to compensate it for Defendant's

infringement of the '427 Patent, including to the fullest extent permitted by 35 U.S.C. § 284, together with interest and costs, in amounts to be determined at and, where appropriate, following trial;

(c) Adjudge Defendant's infringement of the '427 Patent to be willful and award Cart Source treble damages in accordance with 35 U.S.C. § 284;

(d) Immediately and permanently enjoin Defendant, under 35 U.S.C. § 283 from using and/or importing into the United States the Accused Device;

(e) Declare this to be an exceptional case under 35 U.S.C. § 285 and award Cart Source its costs, expenses, attorneys' fees, and all other recoverable disbursements in this action; and

(f) Award Cart Source such other and further relief as may be permitted and is appropriate at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff, Cart Source, hereby demands a trial by jury of all issues so triable as a matter of law pursuant to FED. R. CIV. P. 38(b).

|  |  |
|---|---|
| **Dated: November 17, 2025** | **Respectfully submitted,** |

/s/ *Oliver Alan Ruiz*
Peter Matos (Fla. Bar No. 992879)
pmatos@malloylaw.com
Oliver Alan Ruiz (Fla. Bar No. 524786)
**Lead Counsel**
oruiz@malloylaw.com
W. John Eagan (Fla. Bar No. 105101)
johneagan@malloylaw.com
Zac Davis (Fla. Bar No. 1039020)
zdavis@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 SW 3rd Avenue
Miami, FL 33129
Telephone: 305-858-8000